IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-44-D

**Sandra O'Hara-Harmon**,

           Plaintiff,

v.

**Sidney Avery**, Administrator of the
Estate of Dancie Avery,

           Defendant.

**Order**

On February 23, 2017, Sandra O'Hara-Harmon brought an action to quiet title against the Estate of Dancie Avery through its administrator Sidney Avery. Compl., D.E. 11. After the Estate failed to respond to the summons and complaint, O'Hara-Harmon filed a motion for entry of default. D.E. 14. She also filed motions for default judgment and for copy of judgment. D.E. 15.; D.E. 17. The Clerk of Court subsequently entered a default against the Estate. D.E. 16.

In reviewing the motions for entry of default judgment and for copy of judgment, the court noted that O'Hara-Harmon asserted diversity jurisdiction in her Complaint but did not delineate the decedent's citizenship at the time of her death—a fact required for demonstrating diversity of citizenship. *See* D.E. 19. Concerned that it lacked subject matter jurisdiction, the court instructed O'Hara-Harmon in a January 8, 2018 Order to file documentation for establishing this information. *Id.* In her response, O'Hara-Harmon failed to provide the requested documentation and instead maintained that the court already adjudicated her case by entering a "final judgment." D.E. 20.

In a January 22, 2018 Order, the court explained that the Clerk of Court's entry of default was not the same as a "final judgment" and directed O'Hara-Harmon to attend a hearing the following week to establish the decedent's citizenship. D.E. 21. On January 28, 2018, O'Hara-

Harmon requested a 60-day continuation of her case in order to retain counsel. She did not show up to the January 28 hearing.

The court believes that the issue of whether it has subject matter jurisdiction will be better addressed once O'Hara-Harmon has retained counsel and, therefore, it is ordered that O'Hara-Harmon's motion for entry of default judgment and motion for a copy of the judgment are dismissed without prejudice. Dismissal without prejudice does not preclude O'Hara-Harmon from re-filing these motions at a later date. *See Goode* v. *Central Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 629 (4th Cir. 2015) (explaining that "without prejudice" is "a phrase that generally indicates that a court's decision is not final").

O'Hara-Harmon or her retained counsel shall attend a status conference on April 11, 2018, at 2:00 p.m. in the Fifth Floor Courtroom, Terry Sanford Federal Building, Raleigh, North Carolina. Any subsequently filed motion for default judgment shall address whether the court has subject matter jurisdiction over this matter, whether it has personal jurisdiction over the Estate, and whether the well-pleaded factual allegations in the complaint entitle O'Hara-Harmon to the relief she seeks.

Dated: January 31, 2018

_____
Robert T. Numbers, II
United States Magistrate Judge